UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERTO VILLARREAL,**

      **Plaintiff,**          **CIVIL ACTION NO. 16-cv-13004**

      **v.**         **DISTRICT JUDGE VICTORIA A. ROBERTS**

**COMMISSIONER OF**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Roberto Villarreal seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 18) and Defendant's Motion for Summary Judgment (docket no. 21). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.  RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 18) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 21) be **GRANTED**.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on September 11, 2013, alleging that he has been disabled since December 10, 2012, due to a fractured pelvis in the back and groin area and depression. (TR 65, 136-37, 151.) The Social Security Administration denied Plaintiff's claims on January 3, 2014, and Plaintiff requested a *de novo* hearing. (TR 56-65, 81-82.) On May 6, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Anthony R. Smereka. (TR 23-55.) The ALJ issued an unfavorable decision with regard to Plaintiff's claims on June 22, 2015, and the Appeals Council declined to review the decision. (TR 1-3, 6-19.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 18 at 6-8) and the ALJ (TR 15-17, 19) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 10, 2012, and that Plaintiff suffered from the following severe impairments: status post fracture of the pelvis and transverse process of L2 and L3, degenerative

disc disease of the lumbar spine, obesity, and depression. (TR 11.) Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 12-14.) The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he cannot work around hazards, including work at unprotected heights or around dangerous moving machinery; no climbing of any ladders, ropes or scaffolds; no more than occasional climbing of ramps or stairs; no more than occasional balancing, stooping, kneeling, or crouching; no crawling; he has the need for a sit/stand option that allows the him [sic] to perform work in either a sitting or standing position, and allowing for a change of position every 30 minutes; no driving in the course of employment; no reaching above shoulder level; no concentrated exposure to vibration; the ability for, but a restriction to unskilled work; and no fast production pace work where the pace is set by others.

(TR 14-18.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 18-19.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from December 10, 2012, through the date of the decision. (TR 9, 19.)

V.     **LAW AND ANALYSIS**

   A.     **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*,

3

305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

B.     **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

>       (4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.    Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is

reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) the ALJ erred by finding that Plaintiff could perform sedentary work; (2) the ALJ's decision is not supported by substantial evidence; and (3) the ALJ assessed Plaintiff's credibility without considering the impact of Plaintiff's non-exertional impairments on his testimony. (Docket no. 18 at 9-19.)

### 1. *The ALJ's Assessment of the Medical Opinion Evidence*

In his first two arguments, *supra*, Plaintiff primarily contends that the ALJ violated the treating physician rule by failing to properly analyze or give proper deference to the opinions of his treating physicians, and instead crediting the opinion of the state agency medical consultant over the opinions of his treating physicians. (Docket no. 18 at 10-17.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No.

11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Plaintiff asserts that "[t]he state agency medical consultant's opinion should be given some weight but there is also Plaintiff's treating physicians' opinions with supporting medical documentation showing that Plaintiff is unable to perform any of the job functions suggested of the medical consultant." (Docket no. 18 at 10.) He argues that the ALJ erred in assigning more weight to the state agency medical consultant's opinion than the opinions of his treating physicians because his treating physicians were in the best position to provide the most accurate picture of his medical condition and how his impairments impact his ability to perform substantial gainful activity. (*Id*. at 11, 15.) Plaintiff also states that there are diagnostic test results and medical reports that confirm the existence of his severe impairments. (*Id*.) Plaintiff further argues that the ALJ erred by failing to apply the factors set forth in 20 C.F.R. § 404.1527(c)(2) in assessing his treating physicians' opinions. (*Id*. at 12, 17.)

Plaintiff, however, has not identified a single medical opinion regarding his functional limitations rendered by any of his treating physicians, and the Court finds none. An ALJ cannot improperly assess opinions that do not exist. Moreover, an ALJ cannot credit the opinion of a state agency medical consultant over the opinion of a treating physician if there is no treating physician opinion in the record. Plaintiff's argument in this regard therefore fails.

To the extent that Plaintiff argues that the ALJ improperly assessed his treating physicians' opinions regarding Plaintiff's diagnoses, Plaintiff's argument still fails. For example, Plaintiff asserts that the ALJ discounted Dr. Hadeel N. Razook, M.D.'s opinion that Plaintiff has depression. (Docket no. 18 at 16.) This is simply incorrect. The ALJ did not discount Dr. Razook's diagnosis that Plaintiff suffers from depression; in fact, the ALJ adopted Dr. Razook's diagnosis by finding that Plaintiff has depression and that it constitutes a severe impairment. As discussed in greater detail below, the ALJ discounted Plaintiff's allegations

8

regarding the nature and severity of his depression as inconsistent with the medical evidence, namely, Dr. Razook's treatment notes.  (*See* TR 17.)

To the extent that Plaintiff construes the treatment records of his treating physicians as opinions entitled to controlling weight, Plaintiff is again incorrect.  As Defendant points out, "[t]he law and the Social Security regulations recognize a difference between a treating physician's treatment notes or comments, and a treating physician's 'medical opinion:'" generally, treatment notes do not constitute true medical opinions where they fail to "reflect any judgment about the nature of Plaintiff's impairments or articulate any limitations on [his] ability to function."  (Docket no. 21 at 11 (quoting *Terrell v. Comm'r of Soc. Sec.*, No. 12-cv-11781, 2013 WL 5178541, at *11 (E.D. Mich. Sept. 10, 2013) and *Kurish v. Comm'r of Soc. Sec.*, No. 11-cv-15637, 2012 WL 6193890, at *9 (E.D. Mich. Nov. 6, 2012), *report and recommendation adopted*, 2012 WL 6192673 (E.D. Mich. Dec. 12, 2012)).)  Here, the ALJ discussed and considered the treatment notes generated by Plaintiff's treating physicians, which is all that he was required to do.  Plaintiff's Motion regarding the ALJ's assessment of his treating physicians' opinions should therefore be denied.

Plaintiff also argues that the ALJ should have ordered an independent psychiatric evaluation upon receiving Dr. Razook's treatment records regarding Plaintiff's depression.  (Docket no. 18 at 16-17.)  Plaintiff's argument fails.  An ALJ's duty to conduct a full inquiry for purposes of 20 C.F.R. § 416.1444 "does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision."  *Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 214 (6th Cir. 1986) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)) (emphasis in original).  Indeed, the language of § 416.1444 is discretionary and simply

grants the ALJ the authority to refer a claimant to a consultative specialist if the existing medical record does not contain sufficient evidence to make a determination. *Id*. (citing 20 C.F.R. § 416.917(a)). The burden of providing a complete record, "defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Id*. (citing 20 C.F.R. §§ 416.912, 416.913(d)). Here, Plaintiff concedes that the medical records that he submitted into record evidence, including those of Dr. Razook, are sufficient to support his mental health impairment. (Docket no. 18 at 16-17.) By making this concession, Plaintiff directly contradicts his argument that an independent examination was necessary. Accordingly, Plaintiff's Motion should be denied in this regard.

### 2. *The ALJ's Assessment of Plaintiff's Credibility*

Plaintiff argues that the ALJ failed to properly evaluate his credibility. (Docket no. 18 at 17-19.) "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.[1] "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not)

---

[1] SSR 96-7p has been superseded by SSR 16-3p, effective March 28, 2016. *See* SSR 16-3p, 2016 WL 1119029, at *1; 2016 WL 1237954. Nevertheless, because the ALJ's decision in this matter was rendered prior to the effective date of SSR 16-3p, the ALJ was obligated to comply with SSR 96-7p. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.")

credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ will consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p; *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ considered and discussed Plaintiff's hearing testimony and his other subjective complaints in conjunction with the record evidence, and the ALJ found that Plaintiff's allegations were not entirely credible. (TR 16.) Plaintiff challenges this finding, arguing:

> In making his credibility determinations, the Administrative Law Judge failed and neglected to make specific findings and failed to consider the impact of the non-exertional impairments on Plaintiff's ability to function. For example, there was no discussion about Plaintiff's depression as it related to his ability to deal with his chronic pain, nor was there a discussion about his medications and the effect of his medications on his motivation to work.

(Docket no. 18 at 18.) A plain reading of the ALJ's decision, however, shows that Plaintiff is incorrect. The ALJ acknowledged Plaintiff's assertions that he could only pay attention for two

11

to three minutes and that his pain and medication affected his concentration. (TR 15.) And to account for Plaintiff's subjective complaints of pain and the side effects from his medications, the ALJ explicitly limited Plaintiff to sedentary work. (TR 17.)

> Moreover, the ALJ discussed Plaintiff's depression as follows:
>
> Additionally, the claimant has a history of depression (Ex. 7F/1). The claimant reported symptoms of fearful thoughts, compulsive thoughts, difficulty concentrating, and a depressed mood (Ex. 7F/1). He was diagnosed with depression by Hadeel Razook, M.D. (Ex. 7F/9). In July 2013, the claimant reported feeling depressed about his medical condition (Ex. 2F/20). The claimant's mood and affect with a normal mood (Ex. 2F/21). In July 2014, the claimant presented with complaints of a depressed mood, compulsive thoughts, and feelings of guilt (Ex. 7F/3). He was positive for symptoms of anhedonia and fearfulness (Ex. 7F/4). In August 2014, the claimant was switched from Wellbutrin and Cymbalta (Ex. 7F/8). In February 2015, the claimant presented with complaints of feeling down and easily worked up (Ex. 7F/21).
>
> . . . .
>
> Concerning depression, the claimant is not as limited as he alleged. He took Cymbalta for his depression with good results supported. The claimant reported feeling better after having his medicine changed from Wellbutrin to Cymbalta (Ex.7F/14). Contradictory to his noted improvement, the claimant alleged that he had difficulty with understanding, completing tasks, concentration, and getting along with others (Ex. 4E/11). However, multiple examinations showed that the claimant had an appropriate mood and affect, normal insight, and normal judgment (Ex. 7F/22, 28). Moreover, [he] has been able to attend college, taking 12 credit hours of coursework (Exs. 4E/11; 7F/26). Accordingly, the objective medical evidence does not support the claimant's assertions as to the degree of limitation caused by his depression. Notwithstanding, I considered the objective medical evidence and the claimant's subjective complaints when limiting him to unskilled work with no fast production pace work where the pace is set by others.

(TR 15-16, 17.) Plaintiff argues that the ALJ "did not consider Plaintiff's fatigue, restlessness, anxiety, difficulty concentrating, excessive worry, and feeling down, depressed or hopeless when evaluating the severity of Plaintiff's non-exertional impairments." (Docket no. 18 at 15-16.) Although Plaintiff does not cite to any medical records to support his allegation that he suffers from these conditions as a result of his depression, a cursory review of the record reveals that this

12

information was listed in one of Plaintiff's records from his treatment with Dr. Razook. This record reflects that Plaintiff presented to Dr. Razook on July 16, 2014 with "anxious/fearful thoughts, compulsive thoughts, decreased need for sleep, depressed mood, difficulty concentrating, difficulty falling asleep, diminished interest or pleasure, easily startled, excessive worry, fatigue and feelings of guilt." (TR 328.) The ALJ explicitly discussed and cited to this treatment record when he noted that Plaintiff had fearful and compulsive thoughts, difficulty concentrating, and a depressed mood. (TR 15.) It is therefore evident that the ALJ considered this treatment record, including the fact that Plaintiff suffered from anxiety, fatigue, and excessive worry, but he was not required to recite the record verbatim in his decision. *See Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Def. Sys.-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)) ("[I]t is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'"). There is no error here.

The ALJ also found that Plaintiff's debilitating allegations regarding his pelvic fracture and his back impairment were contradicted by the objective medical evidence. (TR 16.) The ALJ supported this finding with several citations to the record evidence. For example, the ALJ cited records from Plaintiff's treating orthopedist, who noted that Plaintiff had made some progress with his pelvic pain, he was not having as much discomfort, he was able to move around better, and he was able to walk with good strength. (TR 16 (citing TR 312).) The ALJ also cited Dr. Razook's records, in which Plaintiff was noted to have only a moderate reduction in his range of motion of the lumbar spine and Plaintiff reported that his pain medications relieved his back pain. (TR 16 (citing TR 331, 341).) The ALJ then concluded that overall, the

medical record did not reflect the kind of treatment or diagnostic assessments that would support a finding of disability. (TR 17.)

The above discussion demonstrates that the ALJ, having considered Plaintiff's exertional impairments in conjunction with Plaintiff's non-exertional impairments, set forth numerous legitimate reasons for discrediting Plaintiff's hearing testimony and subjective complaints in his decision, which he properly supported with citations to the record evidence in accordance with his duty under SSR 96-7p. Plaintiff does not point to any evidence to contradict the ALJ's findings. Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the court the weight that he gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and should not be disturbed. Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

### 3. *Plaintiff's Other Arguments*

Plaintiff purportedly sets forth other arguments in his brief, which are either completely undeveloped, incorrect, and/or made without performing a thorough review of the ALJ's decision. For example, Plaintiff argues that sedentary work "entails specific movements that Plaintiff is not medically inclined to do and due to his medical impairments he does not have the functional capacity to perform these duties." (Docket no. 18 at 10.) He similarly argues that "[t]he job duties that sedentary job positions entail require numerous bodily movements that Plaintiff continues to struggle with and causes him excruciating pain. These job functions would cause him to have significant issues and an aggravation to the severe impairments he suffers from." (*Id.*) Later in his brief, Plaintiff somewhat clarifies this argument by claiming that he "needs assistance in every facet of his life at the present time. He is unable to stand, sit or walk for any period of time to perform entry level sedentary activities for wages or profits. His

medical records speak to this." (*Id*. at 12.) Plaintiff, however, fails to cite any supporting medical evidence or otherwise develop this argument in any way. Plaintiff's general statements of error are insufficient to allow the Court to perform a meaningful review. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted).

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 18) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 21).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: October 11, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: October 11, 2017         s/ Lisa C. Bartlett
                                Case Manager