UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTO VILLARREAL,

    Plaintiff,

v.

Case No. 16-13004
District Judge Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER: (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 22); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 21); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. # 18)**

I.    Background

Roberto Villarreal ("Villarreal") filed an application for Social Security disability benefits on September 11, 2013. He claims he has been disabled since December 10, 2012 due to a fractured pelvis resulting from a fall off of a ladder, degenerative disk disease, obesity, and depression. Villarreal brings this action pursuant to 42 U.S.C. 405(g). He appeals the denial of disability benefits by the Commissioner of Social Security (the "Commissioner"). The Appeals Council denied Villarreal's Request for Review of the decision issued by the Administrative Law Judge ("ALJ") on June 22, 2015. That ALJ decision stands as the Commissioner's final decision. The parties filed cross-motions for summary judgment. The Court referred those motions to Magistrate Judge Mona K. Majzoub.

In his motion for summary judgment, Villarreal argues: 1) the ALJ committed legal error by finding that he could perform sedentary work; 2) the ALJ's decision is not

1

supported by substantial evidence; and 3) the ALJ assessed his credibility without considering how his emotional impairments impacted his testimony during his hearing.

The Commissioner argues in its motion for summary judgment, *inter alia*, that Villarreal has not demonstrated: 1) that the ALJ's residual functioning capacity ("RFC") assessment is not supported by substantial evidence; and 2) that there is error in the ALJ's credibility determination.

Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") recommending that the Court grant the Commissioner's Motion and deny Villarreal's. Magistrate Judge Majzoub concluded that the ALJ did not commit legal error, and his decision was supported by substantial evidence, because: 1) the ALJ did not improperly discount Villarreal's treating physicians' medical opinions in determining his RFC because there were no treating doctor opinions on RFC; 2) the ALJ did not discount a treating physician's medical opinion (and in fact adopted it) that Villarreal suffers from depression; 3) the ALJ discussed and considered Villarreal's treating physicians' treatment notes, which is all that he was required to do; and 4) it was not necessary for the ALJ to order an independent psychiatric evaluation, because, as Villarreal conceded, the medical records he submitted were sufficient to support his mental health impairment. Finally, Magistrate Judge Majzoub concluded that the ALJ considered Villarreal's testimony in conjunction with the record evidence, and supported his finding that Villarreal's allegations were not entirely credible with citation to the record.

Villarreal filed two objections. First, he claims that Magistrate Judge Majzoub's conclusion that the ALJ assigned proper weight to the state Examiner's opinion, and

2

that the ALJ did not improperly discount treating doctor opinions concerning RFC, was in error.

Second, Villarreal contends that the credibility assessment of the ALJ was flawed.

II. Standard of Review

A person may seek judicial review of any final decision of the Commissioner; however, the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405.

"Substantial evidence is more than a scintilla of evidence but less than a preponderance … ." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). And, if the Commissioner's decision is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

After proper objections are made, the Court conducts a *de novo* review of a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); F. R. Civ. P. 72(b)(3). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id*. A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or

general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (citation omitted); *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 453-54 (6th Cir. 2006) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 798 (E.D. Mich. 2013).

"[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review … , absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) "[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 Fed. Appx. 512, 517-518 (6th Cir. 2010).

III.   Analysis

After *de novo* review of the cross motions for summary judgment, the R&R, Villarreal's objections, the Commissioner's response, and the remainder of the record, the Court overrules Villarreal's objections.

A. Villarreal's First Objection Is Rejected

Villarreal first argues the state Examiner, which opined on Villarreal's RFC without examining him, drew this opinion without sufficient evidence to understand Villarreal's entire medical history. This is particularly true, according to Villarreal, since

4

he had an examination with his treating physician after the Examiner made his report. He argues that without a complete review of all medical records, the Examiner's opinion remains inconclusive. Villarreal contends that remand is necessary so that the Examiner's opinion can be based on a complete review of all medical records.

Contrary to the Commissioner's assertion in her response to Villarreal's objections to the R&R, this is not a new argument. In his motion for summary judgment, Villarreal says "the state agency medical consultant's opinion should be given some weight but there is also [Villarreal's] treating physicians' opinions with supporting medical documentation showing that [Villarreal] is unable to perform any of the job functions suggested of the medical consultant." [Doc. 18, Pg. ID 440]. In both his motion for summary judgment before Magistrate Judge Majzoub, and in his objections before this Court, Villarreal argues that the records and opinions of his treating physicians should be considered when determining his RFC. Thus, the Court will consider Magistrate Judge Majzoub's conclusion of this argument *de novo*.

In her R&R, Magistrate Judge Majzoub noted that in his motion to dismiss, Villarreal did not identify any medical opinions from his treating physicians regarding his functional capacity. After reviewing the evidentiary record, the Court also finds no such opinions from treating physicians, and Villarreal does not direct the Court to any. While some treating physicians made records of the moderate limitation in Villarreal's hip motion, and of his ability to heel and toe walk with good strength, all of which were taken into consideration by the ALJ, none provided an opinion regarding his capacity to perform work-related tasks. [Doc. 14-2, Pg. ID 63]. As Magistrate Judge Majzoub said, "[a]n ALJ cannot improperly assess opinions that do not exist." [Doc. 22, Pg. ID 8]. The

5

Court agrees with Magistrate Judge Majzoub's assessment of the ALJ's reliance on the Examiner's opinion regarding RFC, which was supported by applicable law and substantial evidence in the record. The Court rejects Villarreal's objection.

B.  Villarreal's Second Objection Is Rejected

Villarreal next argues that the credibility assessment of the ALJ is flawed. The Court gathers that, more specifically, Villarreal argues that in making a credibility assessment, the ALJ needed to: 1) look more closely at parts of the record concerning his non-exertional impairments and their effect on his RFC; and 2) get a medical source statement from his treating physician.

In his motion to for summary judgment, Villarreal similarly argues that the ALJ made credibility determinations without considering all of the relevant evidence. As the Commissioner notes in her response to Villarreal's objections, Magistrate Judge Majzoub devoted four pages of her R&R to explain that the ALJ's credibility assessment was supported by substantial evidence in the record. Specifically, as Magistrate Judge Majzoub explained, the ALJ discussed and cited to treatment records of Villarreal's non-exertional impairments, such as depression, anxiety, and fatigue. [Doc. 22, Pg. ID 488].

In reaching her conclusions, Magistrate Judge Majzoub considered the entire record and applied the appropriate standard for review of an ALJ's decision, which was supported by applicable law and substantial evidence in the record. The Court agrees with Magistrate Judge Majzoub's conclusion concerning the ALJ's credibility assessment and rejects Villarreal's objection.

Villarreal's suggestion that the ALJ get a medical source statement from his treating physician is a new argument that was not presented to Magistrate Judge Majzoub. "Although there may be cases where this Court will consider an argument not put before the magistrate judge, [Villarreal] has not persuaded the Court that this is such a case. For instance, [Villarreal] has not explained why he did not raise this argument earlier." *Owens v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 133961, *4 (E.D. Mich. Sept. 29, 2016). Thus, the Court will not address argument.

IV. Conclusion

The Court **ADOPTS** Magistrate Judge Majzoub's Report and Recommendation: the Commissioner's Motion for Summary Judgment is **GRANTED**; Villarreal's Motion for Summary Judgment is **DENIED**; the decision of the Commissioner is **AFFIRMED**.

**IT IS ORDERED.**

S/Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: January 9, 2018